PARDUE AND WIFE *v.* WEST *et als.*

CHANCERY COURT JURISDICTION. *To review decree of County Court.* The Chancery Court has no jurisdiction to review a decree of partition made in the County Court, upon the ground that the commissioners made a mistake as to the quantity of land in the tract, and in the share allotted to each party.

FROM SUMNER.

Appeal from the Chancery Court at Gallatin. H. H. LURTON, Ch.

J. W. BLACKMORE for complainants.

MUNDY & ELKIN for defendants.

McFARLAND, J., delivered the opinion of the court.

The bill charges that the complainant, Mary E. Pardue, and the defendant, A. J. West, were the heirs at law of John West, deceased, and as such were the owners of a certain tract of land in Sumner county.

That in the year 1866, said West filed a bill against her in the County Court of Sumner county for a partition of said tract between them; that commissioners were appointed, and the partition made; that the commissioners acted upon the assumption that the tract contained three hundred and thirty-three acres, and they set apart to the complainant what they supposed to be one hundred and sixty-six acres, and to said West one hundred and sixty-seven acres; that

one of the commissioners acted as surveyor, and in the survey a great mistake was made as to the quantity of land in the tract; that there was in reality over three hundred and seventy-three acres; that the share allotted to the complainant really contained one hundred and seventy-five acres, and the part allotted to said West contained one hundred and ninety-seven and one-half acres, whereas they were each entitled to one hundred and eighty-seven acres; that the mistake occurred in the cleared and more valuable part of the land; that the commissioners have admitted to complainant that there was a mistake which should be corrected. It is further charged that the complainant, Mary E., was an infant at the time of the proceedings, and was still so at the filing of the bill, though then married. That said West claims the excess of twenty-two acres which he got in the partition as his own, and has sold it to defendant Adams, who owes him for the same or a part of it. The prayer is that the report of the commissioners be reformed and corrected, and that complainant, Mary E., be given her share of the twenty-two acres or the proceeds thereof, and an injunction is prayed for to restrain Adams from paying over to West the amount due upon his purchase. A demurrer was sustained by the Chancellor, and the complainants have appealed.

It is in the first place assumed in argument that part of the tract was not partitioned, and the bill is to partition that part between the parties. That there was in reality forty acres left out, although stated in the bill as twenty-two acres. If this was the case

really made by the bill, it would be free from diffi-
culty, but no particular part of the tract is specified
as the part not partitioned, and it is manifest from
the facts stated in the bill that the commissioners un-
dertook to partition the entire tract, and in fact did
so, according to the allegations of the bill, however
they were mistaken as to the number of acres in the
entire tract, and also as to the number of acres in
the part allotted to each party.    They assumed that
the tract contained three hundred and thirty-three
acres, and that part allotted to the complainants con-
tained one hundred and sixty-six acres, and the part
allotted to said West contained one hundred sixty-
seven acres, whereas the tract really contained three
hundred and seventy-three acres, and the part allotted
to complainant really contained one hundred and sev-
enty-five acres, and West's share one hundred and
ninety-seven and one-half acres.    So it would result
from these figures that complainant received about
eleven acres less than she was entitled to, and West
that much more than he was entitled to.

This being the real case presented by the bill, the
question is, has the Chancery Court any jurisdiction to
correct this error or mistake in the proceedings of the
County Court.    The argument in favor of the juris-
diction is very ingeniously put in this mode.    That
a partition by decree of court stands as a deed of
partition between the parties, and as a court of chan-
cery would undoubtedly have jurisdiction to correct
mistakes in such deeds, they must likewise have juris-
diction to correct simular mistakes occurring in parti-

tion by decree of court. Where the partition is made upon the assumption by all parties that they have title to lands included in the partition, and it afterwards turn out they had no such title, relief will be granted, as was done in the case of *Sawyers* v. *Cator*, 8 Hum., 256, where it was said, however, that there was an implied warranty of title. And we do not say that other cases may not arise where relief would be granted upon similar grounds. But the supposed mistake in this case is in relation to the facts, which the County Court must necessarily have adjudged and determined in rendering the decree partitioning the land.

The question before that court was to partition the tract of land in question between the two parties equally, according to quality and quantity, and in accordance with the principles of equity and justice. To do this, the court, through its commissioners, must of necessity have ascertained the quantity of land and all other facts bearing upon the case. It is now said that the court in ascertaining these facts made a mistake. In the same sense, however, any erroneous determination of a material fact involved in a cause is a mistake. So at last this is but a bill in chancery to review and reverse a decree of the County Court, which in cases of this character exercise concurrent jurisdiction with the Chancery Court, upon the ground that the County Court erroneously determined the facts involved. And we are of opinion that the Chancery Court has no such jurisdiction. The case of *Parks and Wife* v. *Gilbert*, 1 Jere Baxter, 98, in

Pardue v. West.

effect settles this, and besides it seems to us clear upon principle. It is not alleged that the decree of the County Court is void for want of jurisdiction or other cause, or that it was obtained by fraud, but simply that it is erroneous in point of fact. The error was one that could only be reached in the court rendering the decree, by exceptions to the report, writ of error *coram nobis*, bill of review, if such bill would lie in the County Court when exercising chancery jurisdiction, or by appeal or writ of error, to a revising court. Whether any of these modes of relief would have been effectual in this case we need not determine. It is not stated in the bill when the error was discovered. It is enough for this case, to say that the Chancery Court has no more jurisdiction to review the decree of the County Court than it would have to review the decree of another Chancery Court upon similar facts. The complainant's infancy is only important as respects the time within which she might obtain a review of the County Court proceedings. She is, however, barred by the decree until reversed in some regular mode.

The decree will be affirmed with costs.